*Harris, C. J., and McCully, J., (Mr. Justice Judd did not sit, being interested.)*

---

### S. KIWAHA, K., *vs.* MAKUE, K.

---

ON APPEAL FROM INTERMEDIARY COURT OF OAHU.

THE LAND OWNER claimed damages for the trespass of the single day
when the animals were arrested and recovered, and brought a
second suit for damages for pasturing the animals for about six
months;

HELD, the second suit must be dismissed on the ground of *res
adjudicata.*

In the statutory proceeding in the District Courts to ascertain the
amount of damages done by animals which have been impounded,
the District Court has jurisdiction to try claims for damages for
the trespass of the animals continuing for several months terminated by the impounding.

Opinion of the Court by McCULLY, J.

This case comes by appeal from the Intermediary Court of Oahu, and originally from the District Court of Ewa, Oahu. The record of the District Court, translated into English, is that the plaintiff claims $16 damages for defendant's eight horses running, or pasturing on his land at Hanaloa, feeding the grass of that land continually from September 5, 1878, to March 12, 1879. The case was heard March 27th, and judgment given for the plaintiff for $12 and costs.

The fact that defendant's animals were on plaintiff's land for the time charged, without license, is not in controversy, but the defendant pleads that this action is barred by an action and judgment between the same subject matter, on the 17th of March, and submits the record of the District Court, which is substantially as follows:

"District Court of Ewa, March 17, 1879.—Kiwaha *vs.* Makue.

"A trespass suit between Kiwaha, owner of land, and Makue, owner of animals, for the trespass (komohewa) of eight horses on Hanaloa, on the 12th day of March, which horses were lawfully impounded on the 13th of March. Judgment is given for the plaintiff for two dollars and the costs of Court."

It will be observed that the above record is incomplete, in not setting forth the amount for which plaintiff sued. We are not furnished with the summons in this case, which might state the nature of the action more particularly, and in order to learn what was the issue in the first case and the relation it may bear to the second, we resort to such testimony as was presented. We do this upon the principle that it might be a denial of justice in reviewing proceedings of District Courts, where it is alleged that there was error of law, to confine our view to the very imperfect record which is generally kept by them. In the Intermediary Court the same motion was made to dismiss on the ground of *res adjudicata*, but the Magistrate's record was not then submitted and the motion was overruled.

From the plaintiff's testimony, and the above incomplete

records, it is made to appear that the land in question came into plaintiff's possession September 6, 1878. That there were then running thereon the defendant's eight horses, as well as horses and mules belonging to several other persons. That about a week prior to March 12th, the plaintiff notified the defendant and others to remove their stock and demanded $2 per head as a charge for pasturage up to that time. The defendant refused to pay. On the 12th the plaintiff arrested the defendant's animals and impounded them on the 13th. The other owners of animals paid the demand of $2 per head, and it does not appear whether these animals were taken up, or payment made on the demand. March 17th, the parties came before the District Court on the case above quoted. We are left to infer that the proceeding was the one under the statute where the owner of impounded animals deposits the amount claimed, or a bond with the District Judge, who issues an order for the release from the pound and afterwards tries the question of the legality of the impounding or of the amount of damage. We must conclude this was the case before the Court, for, otherwise, the plaintiff's demand would have been collected by the pound keeper.

In the Intermediary Court, plaintiff's testimony herein is as follows: "After I arrested the horses, Makue came and asked how much damage per head—I said $2 each. He refused, and I put animals in the pound. Case was tried and statute damage awarded for single trespass. Then I brought action for trespass, claiming pasturage, and judgment was given in my favor."

Thus it appears that plaintiff presented the same case in his action of March 17th, and in that of March 27th, or at least the latter covered everything except the trespass existing on the 12th of March, when the horses were taken up, and the first case included what was claimed in the record.

We are of opinion that the whole matter was, in the first case before the District Magistrate. Under the plaintiff's

claim he had jurisdiction to consider the amount due for a trespass of a single day, or that had continued over several months and terminated by impounding. The claim was for the pasturage during the time from September 7th to March 12th upon a *quantum meruit*, and for this he awarded the plaintiff for all the horses two dollars, or twenty cents each.

If the plaintiff was not satisfied with this, he might have taken his appeal, instead of which he brings the second action. From the fact that the Magistrate gave him judgment again, and for nearly the amount claimed, it is probable that he refused to allow the claim in the first instance on the ground that he could in an action concerning impounding, award only the damage for the trespass of the single day, when the horses were taken up. This point, or the whole case was subject to appeal, and we think that the plaintiff, by not taking that course is closed of farther action in that subject matter. He rested in the adjudication made and cannot institute another action.

The judgment of the Intermediary Court confirming the judgment of the District Court is set aside.

Judgment for the defendant with costs.

S. B. Dole for plaintiff.

J. M. Davidson for defendant.